**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division**

**CASE NO.  16-CV-24369**

| | |
|---|---|
| ENRIQUE MADRINAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VIRGINIA GARDENS SHOPPING | ) |
| CENTER, LLC, ROCAS BOCA, INC. | ) |
| d/b/a BASILICO RISTORANTE, | ) |
| CILANTROS, INC. d/b/a CILANTROS | ) |
| CAFETERIA & JUICE BAR, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff ENRIQUE MADRINAN ("**Plaintiff**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FADAI**"), hereby sues Defendants VIRGINIA GARDENS SHOPPING CENTER, LLC ("**Defendant Shopping Center**"), ROCAS BOCA, INC. d/b/a BASILICO RISTORANTE ("**Defendant Basilico**"), and CILANTROS, INC. d/b/a CILANTROS CAFETERIA & JUICE BAR ("**Defendant Cilantros**") (collectively "**Defendants**") for injunctive relief and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FADAI.

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA and the FADAI because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

6. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

7. Defendant Shopping Center is Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida

8. Defendant Shopping Center is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 5877 N.W. 36th Street, Virginia Street, Florida 33166 (the "**Subject Premises**", "**Facility**", or "**Shopping Center**").

9. Defendant Basilico is Florida Corporation having its main place of business in Miami-Dade County, Florida.

10. Defendant Basilico is the lessor, lessee or owner of the **restaurant** located on the Subject Premises.

11. Defendant Cilantros is Florida Corporation having its main place of business in Miami-Dade County, Florida.

12. Defendant Cilantros is the lessor, lessee or owner of the **restaurant** located on the Subject Premises.

## GENERAL ALLEGATIONS

13. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a shopping center and contains restaurants.

14. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

15. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

16. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

17. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FADAI and discriminating against individuals with disabilities.

18. In or about 2016, Plaintiff visited the Subject Premises to conduct business–i.e., purchase items and eat food–and encountered architectural barriers to access the Subject Premises.

19. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA and FADAI violations.

20. Plaintiff was not able to access restrooms at the restaurants.

21. Plaintiff shall return to the Subject Premises once the barriers violating the ADA and the FADAI are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises.

22. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FADAI, unless the injunctive relief requested herein is granted.

23. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA and the FADAI by Defendants if said violations are not corrected and made compliant.

24. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

25. Plaintiff desires to visit the Subject Premises again, not only to shop and eat, but to assure himself that the Subject Premises is in compliance with the ADA and the FADAI thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

26. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA and the FADAI because he plans on returning to the Subject Premises in the near future.

27. Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

28. Defendants are in violation of the ADA, ADAAG, and FADAI and are discriminating against Plaintiff as a result of the following violations:

### DEFENDANT'S BASILICO VIOLATIONS

#### Men's Restroom:

a. The path of access to the RR is blocked by items and improperly placed tabled.

b. There is no clearance under the lavatory.

c. The paper towel and soap dispensers are placed beyond forward reach parameters.

d. The toilet paper dispenser is not placed on a stable surface at the height and reach required for use by an individual with mobility impairments (such as the Plaintiff). Instead, a roll of toilet paper is placed precariously in the side wall grab bar, and another roll is placed on a movable toilet paper stand which, apparently by practice and pattern, is placed directly in front of the commode, thus encroaching on the required clear width required for a person in a wheel chair to effectuate a safe transfer from the wheelchair to the commode.

e. There is no rear grab bar.

f. The side grab bar is too short.

g. The mirror is mounted too high.

## CILANTROS CAFETERIA VIOLATIONS:

### Unisex One Restroom:

    h. There is no clearance under the lavatory.

    i. The paper towel dispenser is placed beyond forward reach parameters and above the commode.

    j. The toilet paper dispenser is not placed in an accessible location on the side wall forward of the commode.

    k. There is no rear wall grab bar.

    l. There is no side wall grab bar.

    m. The mirror is mounted too high.

    n. There is insufficient clearance within the restroom due to the presence of storage lockers and other obstructions within the architectural footprint of the restroom.

    29. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA and FADAI violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FADAI violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

    30. By encountering the discriminatory conditions at Defendants' Facility, and knowing that it would be a futile gesture to return to the Facility unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

31. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

32. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

33. Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant Shopping Center for ADA Violations)**

34. Plaintiff re-avers and incorporates paragraphs 1–33 as if fully set forth herein.

35. This action arises pursuant to the ADA.

36. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Shopping Center because of the Subject Premises' existing ADA violations.

37. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

38. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

39. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant Shopping Center contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

40. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant VIRGINIA GARDENS SHOPPING CENTER, LLC from continuing its discriminatory practices, ordering Defendant Shopping Center to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant Shopping Center to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT II—CLAIM FOR INJUNCTIVE RELIEF
(Against Defendant Basilico for ADA Violations)

41. Plaintiff re-avers and incorporates paragraphs 1–28(a)–(g), 29–33   as if fully set forth herein.

42. This action arises pursuant to the ADA.

43. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Basilico because of the Restaurant's existing ADA violations.

44. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Restaurant without the relief demanded herein pursuant to the ADA.

45. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Restaurant.

46. By continuing to operate the Restaurant with discriminatory conditions in violation of the ADA and ADAAG, Defendant Basilico contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Restaurant, make the Restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant ROCAS BOCA, INC. d/b/a BASILICO RISTORANTE from continuing his discriminatory practices, ordering Defendant Basilico to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant Basilico to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT III—CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant Cilantros for ADA Violations)**

48. Plaintiff re-avers and incorporates paragraphs 1–28(h)–(n), 29–33 as if fully set forth herein.

49. This action arises pursuant to the ADA.

50. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Restaurant, and has otherwise been discriminated against and damaged by Defendant Cilantros because of the Restaurant's existing ADA violations.

51. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Restaurant without the relief demanded herein pursuant to the ADA.

52. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Restaurant.

53. By continuing to operate the Restaurant with discriminatory conditions in violation of the ADA, Defendant Cilantros contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

54. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Restaurant, make the Restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Facility until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant CILANTROS, INC. d/b/a CILANTROS CAFETERIA & JUICE BAR from continuing its discriminatory practices, ordering Defendant Cilantros to alter the Restaurant as appropriate to comply with the ADA and ADAAG, ordering Defendant Cilantros to maintain accessible features at the Restaurant, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Restaurant until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT IV—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant Shopping Center for FADAI Violations)

55. Plaintiff re-avers and incorporates paragraphs 1–33 as if fully set forth herein.

56. This an action for injunctive relief pursuant to FADAI.

57. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Shopping Center because of the Subject Premises' existing FADAI violations.

58. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FADAI.

59. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

60. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FADAI, Defendant Shopping Center contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

61. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant VIRGINIA GARDENS SHOPPING CENTER, LLC from continuing his discriminatory practices, ordering Defendant Shopping Center to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant Shopping Center to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

**COUNT V—CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant Basilico for FADAI Violations)**

62. Plaintiff re-avers and incorporates paragraphs 1–28(a)–(g), 29–33 as if fully set forth herein.

63. This an action for injunctive relief pursuant to FADAI.

64. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Restaurant and its facilities, and has otherwise been discriminated against and damaged by Defendant Basilico because of the Restaurant existing FADAI violations.

65. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Restaurant without the relief demanded herein pursuant to the FADAI.

66. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Restaurant.

67. By continuing to operate the Restaurant with discriminatory conditions in violation of the FADAI, Defendant Basilico contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

68. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Restaurant until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant ROCAS BOCA, INC. d/b/a BASILICO RISTORANTE from continuing his discriminatory practices, ordering Defendant Basilico to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant Basilioc to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Restaurant until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT VI—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant Cilantros for FADAI Violations)

69. Plaintiff re-avers and incorporates paragraphs 1–28(h)–(n), 29–33 as if fully set forth herein.

70. This an action for injunctive relief pursuant to FADAI.

71. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Restaurant, and has otherwise been discriminated against and damaged by Defendant Cilantros because of the Restaurant's existing FADAI violations.

72. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Restaurant without the relief demanded herein pursuant to the FADAI.

73. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Restaurant.

74. By continuing to operate the Restaurant with discriminatory conditions in violation of the FADAI, Defendant Cilantros contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

75. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Restaurant, make the Restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Restaurant until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendant CILANTROS, INC. d/b/a CILANTROS CAFETERIA & JUICE BAR from continuing its discriminatory practices, ordering Defendant Cilantros to alter the Restaurant as appropriate to comply with the FADAI, ordering Defendant Cilantros to maintain accessible features at the Restaurant, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Restaurant until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 17th day of October, 2016.

**[SIGNATURE BLOCK NEXT PAGE.]**

                        Respectfully submitted,

By:    <u>s/ Rafael Viego III</u>
        Rafael Viego III, Esq.
        Florida Bar. No. 60967
        Mario E. Lopez, Esq.
        Florida Bar No. 98061
        **JOMARRON | LOPEZ**
        *Attorneys for Plaintiff Enrique Madrinan*
        4300 Biscayne Boulevard, Suite 305
        Miami, Florida 33137
        Telephone:  (305) 717-7530
        Facsimile:  (305) 717-7539
        E-mail:  mlopez@jltrial.com
        E-mail:  rviego@jltrial.com
        E-mail:  eservice@jltrial.com

MEL/RV/lp
0003.013